JOHN ANDREW SPEAGLE, SR.,     )
                             )
         **Petitioner,**     )
                             )
    **vs.**                 )            **ORDER**
                             )
UNITED STATES OF AMERICA,     )
                             )
         **Respondent.**     )
_____ )

       **THIS MATTER** is before the Court upon Respondent's motion to stay this action and hold it in abeyance. (Doc. 4.) Petitioner is represented by the Federal Defenders of Western North Carolina.

       On August 18, 2006, Petitioner pled guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine, 21 U.S.C. §§ 841, 846, & 851. The presentence report found Petitioner had two qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guidelines § 4B1.2: a 1994 North Carolina conviction for breaking and entering, and a 1999 North Carolina conviction for manufacturing a schedule VI controlled substance. The Court applied § 4B1.2 to determine Petitioner's advisory sentencing guideline range, and sentenced him to 292 months in prison. (Mot. to Vacate 1-2, Doc. No. 1.)

       On June 22, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges the Court's application of the career-offender provision in determining his advisory guideline range. The career-offender enhancement applies to defendants who, among other things, have "at least two prior felony

convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Petitioner contends that his conviction for breaking and entering is no longer a "crime of violence" under the Guidelines in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On September 1, 2016, Respondent filed the instant motion to stay and hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 4.) According to Respondent, Beckles presents three questions that are relevant to, or dispositive of, Petitioner's Motion: (1) whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline; (2) if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review; and (3) whether possession of a sawed-off shotgun, an offense listed as a "crime of violence" in the commentary of the career-offender guideline, remains a crime of violence after Johnson.

Respondent states that counsel for Petitioner does not object to the motion to stay. For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay (Doc. No. 4) is **GRANTED.** This matter is held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, Respondent shall have 60 days from the date the Supreme Court decides Beckles to file a response to Petitioner's § 2255 motion to vacate.

Signed: October 7, 2016

Richard L. Voorhees
United States District Judge